IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |  |
|---|---|---|
| ALFRED STACK, | 〉 | |
| Petitioner, | 〉 | |
| vs. | 〉 | No. 12-1029-JDB-egb |
| JEWEL STEELE, | 〉 | |
| Respondent. | 〉 | |

ORDER GRANTING RESPONDENT'S MOTION TO DISMISS,
(DOCKET ENTRY 7)
DENYING PETITION PURSUANT TO 28 U.S.C. § 2254,
DENYING CERTIFICATE OF APPEALABILITY,
CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH,
AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

On January 30, 2012, Petitioner, Alfred Stack, inmate registration number 465316, an inmate at the Deberry Special Needs Facility ("DSNF") in Nashville, Tennessee, filed a *pro se* petition pursuant to 28 U.S.C. § 2254 and paid the filing fee. (Docket Entry ("D.E.") 1, D.E. 2.) On May 7, 2012, the Court directed Respondent, Jewel Steele, Warden of DSNF, to file the state-court record and a response to the petition. (D.E. 3.) On May 30, 2012, Respondent filed a motion to dismiss the petition as time barred, accompanied by a memorandum. (D.E. 7.) Petitioner did not respond to the motion to dismiss.

Stack alleges that he pled guilty in January 2010, to one count of first degree murder in Hardeman County (Tennessee) Circuit

Court.  (D.E. 1 at 1.)  He did not appeal or file a state post-conviction petition.  (Id. at 2-3.)

In this petition, Stack contends that his attorney provided ineffective assistance.  (Id. at 5.)  Respondent contends the petition is time barred.  (D.E. 7.)

Twenty-eight U.S.C. § 2244(d) provides:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall begin to run from the latest of—

   (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; and

   (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Because Petitioner did not appeal his conviction, it became final no later than the expiration of the time for taking a direct appeal. 28 U.S.C. § 2244(d)(1)(A); *see* <u>Jiminez v. Quarterman</u>, 555 U.S. 113, 118-19, 129 S. Ct. 681, 685, 172 L. Ed. 2d 474 (2009). In this case, the judgment was entered on an unspecified date in January 2010, and the time for taking a direct appeal expired thirty (30) days later. Tenn. R. App. P. 4(a); <u>State v. Green</u>, 106 S.W.3d 646, 650 (Tenn. 2003) (a judgment of conviction entered upon a guilty plea becomes final thirty days after acceptance of the plea agreement and imposition of sentence), at which time the running of the limitations period began and expired one year later. Here, the latest date for the expiration of the statute of limitations is March 1, 2011.[1]

Stack's petition was signed on January 13, 2012. (D.E. 1 at 14.) Even if it were deemed to have been filed on that date, *see* <u>Houston v. Lack</u>, 487 U.S. 266, 270-71, 276, 108 S. Ct. 2379, 2282, 2385, 101 L. Ed. 2d 245 (1988); <u>Brand v. Motley</u>, 526 F.3d 921, 925 (6th Cir. 2008); <u>Towns v. United States</u>, 190 F.3d 468, 469 (6th Cir. 1999) (§ 2255 motion), it would be time barred.

"[T]he doctrine of equitable tolling allows federal courts to toll a statute of limitations when a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances

---

[1]     The latest date Stack could have entered his guilty plea was Friday, January 29, 2010.  His conviction would have become final thirty days later, on Monday, March 1, 2010, because February 28, 2010, fell on a Sunday.

beyond that litigant's control." Keenan v. Bagley, 400 F.3d 417, 421 (6th Cir. 2005) (internal quotation marks omitted). The § 2254 limitations period is subject to equitable tolling. Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549, 2560, 2562, 177 L. Ed. 2d 130 (2010). "[T]he doctrine of equitable tolling is used sparingly by the federal courts." Robertson v. Simpson, 624 F.3d 781, 784 (6th Cir. 2010); *see also* Vroman v. Brigano, 346 F.3d 598, 604 (6th Cir. 2003) (same); Jurado v. Burt, 337 F.3d 638, 642 (6th Cir. 2003) (same). "The party seeking equitable tolling bears the burden of proving he is entitled to it." Robertson, 624 F.3d at 784. A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland, ___ U.S. at ___, 130 S. Ct. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814, 161 L. Ed. 2d 669 (2005).[2]

Stack maintains in the petition that, in June 2010, he was moved to a building where he "had no access to pencil or writing paper." (D.E. 1 at 13.) He does not allege when he first gained access to writing supplies. Petitioner also claims that he did not know he had the right to file a habeas petition. (Id.)

---

[2]  Until recently, the Sixth Circuit analyzed five factors to determine the appropriateness of equitable tolling. See, e.g., Dunlap v. United States, 250 F.3d 1001, 1008 (6th Cir. 2001). The Circuit has held that the standard stated in Holland supersedes the previous test. Hall v. Warden, Lebanon Corr. Inst., 662 F.3d 745, 749-50 (6th Cir. 2011), cert. denied sub. nom. Hall v. Brunsman, 2012 WL 2002758 (U.S. Oct. 1, 2012) (Nos. 11-10643, 11A869).

Ignorance of the law is insufficient to warrant equitable tolling. Thomas v. Romanowski, 362 F. App'x 452, 455 (6th Cir. 2010), *cert. denied sub nom.* Thomas v. White, ___ U.S. ___, 130 S. Ct. 3363, 176 L. Ed. 2d 1256 (2010); Harrison v. I.M.S., 56 F. App'x 682, 685-86 (6th Cir. 2003) (declining to apply equitable tolling where prisoner was ignorant of the filing deadline because, through his other contacts with the court, he "learned that his other documents he filed with the court had corresponding filing deadlines" and, therefore, he "knew or should have known that his application for a writ of habeas corpus also had a fling deadline"); Miller v. Cason, 49 F. App'x 495, 497 (6th Cir. 2002) ("Miller's lack of knowledge of the law does not excuse his failure to timely file a habeas corpus petition."); Brown v. United States, 20 F. App'x 373, 375 (6th Cir. 2001) ("Ignorance of the limitations period does not toll the limitations period."). A miscalculation of a deadline is "a garden variety claim of excusable neglect" that does not warrant equitable tolling. Holland, ___ U.S. ___, 130 S. Ct. at 2564; *see also* Jurado, 337 F.3d at 644-45 (a lawyer's mistake is not a valid basis for equitable tolling).

Given the extraordinary nature of equitable relief, Petitioner must make more than generalized statements and must show specific efforts to diligently pursue his federal habeas remedy which were thwarted by extraordinary circumstances beyond his control before the Court can conclude that these circumstances prevented the

timely pursuit of a federal petition. *See* <u>Wright v. Jones</u>,404 F. App'x 323, 327(10th Cir. 2010) (generalized grievance of lack of access to legal materials is not sufficient to support equitable tolling); <u>Bell v. Secretary, Dept. of Corrections</u>, 248 F. App'x 101, 103-104 (11th Cir. 2007) (equitable tolling did not apply when there was no record of evidence that petitioner requested access to prison legal materials during one year limitations period); <u>Gibson v. Klinger</u>, 232 F.3d 799, 808 (10th Cir. 2000) (claim of insufficient access to relevant law is not sufficient to support equitable tolling); <u>Jones v. Gundy</u>, 100 F. Supp.2d 485, 488 (W.D. Mich. 2000)(inmate's broad claim of lack of access to legal materials and failure to explain period of several years when he took no action to protect his rights warrant the denial of equitable tolling).  Petitioner has not shown that he diligently pursued his right to file a federal habeas corpus petition but could not do so because prison officials prevented him from obtaining access to legal materials.

That Stack is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See* <u>Allen v. Yukins</u>, 366 F.3d 396, 403 (6th Cir. 2004).  Ignorance of the limitations period does not toll the limitations period. *See* <u>United States v. Baker</u>, 197 F.3d 211, 218-19 (6th Cir. 1999) (in direct criminal appeal, court noted that accepting an ignorance-of-the-law excuse

would encourage and reward indifference to the law).  Equitable tolling is not appropriate in this case.

Additionally, Petitioner's claims of ineffective assistance have never been addressed by the Tennessee Court of Criminal Appeals.  Twenty-eight U.S.C. §§ 2254(b) and (c) provide that a federal court may not grant a writ of habeas corpus on behalf of a state prisoner unless, with certain exceptions, the prisoner has exhausted available state remedies by presenting the same claim sought to be redressed in a federal habeas court to the state courts.  Cullen v. Pinholster, ___ U.S. ___, ___, 131 S. Ct. 1388, 1398, 179 L. Ed. 2d 557 (2011), *reh'g denied*, ___ U.S. ___, 131 S. Ct. 2951, 180 L. Ed. 2d 239 (May 31, 2011).  The petitioner must "fairly present"[3] each claim to all levels of state court review, up to and including the state's highest court on discretionary review, Baldwin v. Reese, 541 U.S. 27, 29, 124 S. Ct. 1347, 1349, 158 L. Ed. 2d 64 (2004), except where the state has explicitly disavowed state supreme court review as an available state remedy, O'Sullivan v. Boerckel, 526 U.S. 838, 847-48, 119 S. Ct. 1728, 1733-34, 144 L. Ed. 2d 1 (1999).  Tennessee Supreme Court Rule 39 eliminated the need to seek review in the Tennessee Supreme Court

---

[3]     For a claim to be exhausted, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6, 103 S. Ct. 276, 277, 74 L. Ed.2d 3 (1982) (per curiam) (internal citations omitted).  Nor is it enough to make a general appeal to a broad constitutional guarantee. Gray v. Netherland, 518 U.S. 152, 163, 116 S. Ct. 2074, 2081, 135 L. Ed. 2d 457 (1996), *reh'g denied*, 518 U.S. 1047, 117 S. Ct. 22, 135 L. Ed. 2d 1116 (Aug. 27, 1996).

in order to "be deemed to have exhausted all available state remedies." Adams v. Holland, 330 F.3d 398, 402 (6th Cir. 2003) (emphasis omitted), *cert. denied*, 541 U.S. 956, 124 S. Ct. 1654, 158 L. Ed. 2d 392 (2004); *see also* Smith v. Morgan, 371 F. App'x 575, 579 (6th Cir. 2010) (the Adams holding promotes comity by requiring that state courts have the first opportunity to review and evaluate claims and by mandating that federal courts respect the duly promulgated rule of the Tennessee Supreme Court that recognizes that court's law and policy-making function and its desire not to be entangled in the business of simple error correction).

The procedural default doctrine is ancillary to the exhaustion requirement. *See* Edwards v. Carpenter, 529 U.S. 446, 452–53, 120 S. Ct. 1587, 1592, 146 L. Ed. 2d 518 (2000) (noting the interplay between the exhaustion rule and the procedural default doctrine). If the state court decides a claim on an independent and adequate state ground, such as a procedural rule prohibiting the state court from reaching the merits of the constitutional claim, a petitioner ordinarily is barred from seeking federal habeas review. Wainwright v. Sykes, 433 U.S. 72, 81–82, 97 S. Ct. 2497, 2503-04, 52 L. Ed. 2d 594 (1977), *reh'g denied*, 434 U.S. 880, 98 S. Ct. 241, 54 L. Ed. 2d 163 (Oct. 3, 1977); *see also* Coleman v. Thompson, 501 U.S. 722, 729-30, 111 S. Ct. 2546, 2554, 115 L. Ed. 2d 640 (1991)(a federal habeas court will not review a claim rejected by a state

court "if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment"), *reh'g denied*, 501 U.S. 1277, 112 S. Ct. 27, 115 L. Ed. 2d 1109 (Sept. 13, 1991). If a claim has never been presented to the state courts, but a state court remedy is no longer available (*e.g.*, when an applicable statute of limitations bars a claim), the claim is technically exhausted, but procedurally barred. Coleman, 501 U.S. at 732, 111 S. Ct. at 2555; Hicks v. Straub, 377 F.3d 538, 551 (6th Cir. 2004) (the procedural default doctrine prevents circumvention of the exhaustion doctrine), *cert. denied*, 544 U.S. 928, 125 S. Ct. 1653, 161 L. Ed.2d 490 (2005).

Under either scenario, a petitioner must show "cause" to excuse his failure to present the claim fairly and "actual prejudice" stemming from the constitutional violation or, alternatively, that a failure to review the claim will result in a fundamental miscarriage of justice. Schlup v. Delo, 513 U.S. 298, 318-22, 115 S. Ct. 851, 862-64, 130 L. Ed. 2d 808 (1995); Coleman, 501 U.S. at 750, 111 S. Ct. at 2565. The latter showing requires a petitioner to establish that a constitutional error has probably resulted in the conviction of a person who is actually innocent of the crime. Schlup, 513 U.S. at 321-22, 115 S. Ct. at 864; *see* House v. Bell, 547 U.S. 518, 536-539, 126 S. Ct. 2064, 2076-78, 165 L. Ed. 2d 1 (2006) (restating the ways to overcome procedural default and further explaining the actual innocence exception).

Stack has not established cause and prejudice for his procedural default and presents no tenable claim of factual innocence.  Thus, he cannot avoid the procedural bar erected by the state post-conviction statute of limitations and cannot seek federal habeas relief.

The Court GRANTS Respondent's motion to dismiss the petition as time barred.  (D.E. 7.)  Additionally, there can be no question that the claims in this petition are barred by procedural default.  The petition is DISMISSED WITH PREJUDICE.  Judgment shall be entered for Respondent.

There is no absolute entitlement to appeal a district court's denial of a § 2254 petition.  <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003); <u>Bradley v. Birkett</u>, 156 F. App'x 771, 772 (6th Cir. 2005), *reh'g & reh'g en banc denied* (Jan. 10, 2006).  The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner.  Rule 11, Rules Governing Section 2254 Cases in the United States District Courts.  A petitioner may not take an appeal unless a circuit or district judge issues a COA.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing.  28 U.S.C. §§ 2253(c)(2) & (3).  A "substantial

showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  Cockrell, 537 U.S. at 336, 123 S. Ct. at 1039 (internal quotation marks omitted); *see also* Henley v. Bell, 308 F. App'x 989, 990 (6th Cir.) (per curiam) (same), *cert. denied*, 555 U.S. 1160, 129 S. Ct. 1057, 173 L. Ed. 2d 482 (2009).  A COA does not require a showing that the appeal will succeed.  Cockrell, 537 U.S. at 337, 123 S. Ct. at 1039; Caldwell v. Lewis, 414 F. App'x 809, 814-15 (6th Cir. 2011).  Courts should not issue a COA as a matter of course. Bradley, 156 F. App'x at 773.

In this case, there can be no question that the claims in this petition are barred by procedural default and the statute of limitations.  Because any appeal by Stack on the issues raised in this petition does not deserve attention, the Court DENIES a certificate of appealability.

Federal Rule of Appellate Procedure 24(a)(3) provides that a party who was permitted to proceed *in forma pauperis* in the district court may proceed *in forma pauperis* on appeal unless the district court certifies that an appeal would not be taken in good faith or otherwise denies leave to appeal *in forma pauperis*.  In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be

taken in good faith.  It is therefore CERTIFIED, pursuant to Fed.

R. App. P. 24(a), that any appeal in this matter would not be taken

in good faith, and leave to appeal *in forma pauperis* is DENIED.[4]


IT IS SO ORDERED this 27th_day of February, 2013.


s/ J. Daniel Breen
_____
J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[4]      If Petitioner files a notice of appeal, he must pay the full $455
appellate filing fee or file a motion to proceed *in forma pauperis* and supporting
affidavit in the Sixth Circuit Court of Appeals within thirty (30) days of the
date of entry of this order. *See* Fed. R. App. P. 24(a)(5).